**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NONLEY LANE MAXWELL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-721 CDP |
| ) | |
| CALLAWAY COUNTY, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Nonley Maxwell, Jr.'s complaint. Plaintiff, an inmate at Callaway County Jail brings this action pursuant to 42 U.S.C. § 1983 asserting claims relating to his conditions of confinement. However, plaintiff's complaint is difficult to read and not on a court-provided form. *See* Local Rule 2.06(A). Additionally, plaintiff has failed to pay the $402 filing fee or file a motion to proceed in forma pauperis, along with a certified prison account statement. Plaintiff will have twenty-one (21) days to comply with the Court's requirements or his lawsuit will be dismissed, without prejudice.

**Discussion**

Plaintiff's complaint must be filed on a Court form in compliance with this Court's Local Rules. *See* E.D. Mo. Local Rule 2.06(A). In the "Caption" section of the complaint form, plaintiff should write each defendant's name or names. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should specify whether he is suing each defendant in an official capacity, individual capacity, or both. Plaintiff

must avoid naming anyone as a defendant unless that person is directly related to their claim.[1]

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support their claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state each claim in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he is accused of doing or failing to do. *See*

---

[1]The Court notes that plaintiff has named as defendants Callaway County and the State of Missouri. The allegations in the complaint relate to occurrences in the Callaway County Jail. Under 28 U.S.C. § 1391(b), a civil action may only be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Because Callaway County is located in the United States District Court for the Western District of Missouri, and because the events that gave rise to this case occurred in the Western District, venue appears to be proper there. However, the Court will wait to make a venue determination until plaintiff has amended his pleading.

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is also required to either file a motion to proceed in forma pauperis within twenty-one (21) days of the date of this Memorandum and Order or pay the full $402 filing fee in this action. If plaintiff fails to file a complaint on the Court's form within twenty-one (21) days or file a motion to proceed in forma pauperis or pay the filing fee, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide plaintiff a blank Prisoner Civil Rights Complaint form and Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file a complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the full filing fee of $402 or submit a motion to proceed in forma pauperis on the Court-provided form. If plaintiff files a motion to proceed in forma

pauperis, he shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 8th day of July, 2022.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE